# NO. 12-23-00220-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRY LEE DAVIS, SR.,* *APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Terry Lee Davis, Sr., appeals his sentence for possession of a controlled substance. In his sole issue, he alleges that his sentence was grossly disproportionate to the crime committed. We affirm.

## BACKGROUND

Appellant pleaded "not guilty" to the offense of possession of a controlled substance in penalty group 1, in an amount of more than 4 grams but less than 200 grams. Following trial, the jury found Appellant "guilty" of the offense. Appellant pleaded "true" to one enhancement, alleging a previous felony conviction. The jury found the enhancement to be "true," and imposed a sentence of fifty years' imprisonment. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that his sentence of fifty years' imprisonment amounts to cruel and unusual punishment under the United States Constitution and the Texas Constitution. Appellant contends that his sentence is grossly disproportionate to his conduct in committing the offense and that the jury should have imposed a shorter sentence.

Before a complaint may be presented for appellate review, the record must show that Appellant raised the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). A complaint that a sentence is grossly disproportionate and constitutes cruel and unusual punishment may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Kim*, 283 S.W.3d at 475. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object when the sentence was imposed. *Burt*, 396 S.W.3d at 577 n.4. In this case, the record does not show that Appellant objected when the sentence was imposed at trial, and he does not assert that he lacked an opportunity to raise such an objection. Therefore, it appears that Appellant did not properly preserve error on this issue. However, assuming *arguendo* that Appellant did preserve this complaint for appellate review, we cannot grant him relief because his sentence does not constitute cruel and unusual punishment.

The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant was convicted of possession of a controlled substance in penalty group 1, in an amount of more than 4 grams but less than 200 grams, a second-degree felony with a punishment range from two to twenty years of imprisonment. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2023);

2

TEX. PENAL CODE ANN. § 12.33 (West 2023). Additionally, the jury's finding of "true" regarding Appellant's previous felony conviction increased the available punishment range to a minimum of five years' imprisonment and a maximum of ninety-nine years' imprisonment, or life imprisonment, and a fine of no more than $10,000.00. TEX. PENAL CODE ANN. §§ 12.42(b); 12.32 (West 2023). Thus, the fifty-year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See* **Harris**, 656 S.W.2d at 486; **Jordan**, 495 S.W.2d at 952; **Davis**, 905 S.W.2d at 664.

Nevertheless, Appellant urges this Court to consider the factors originally set forth in **Solem v. Helm**, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions.[1] *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the **Solem** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in **Harmelin v. Michigan**, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.,* **McGruder v. Puckett**, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* **Jackson v. State**, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in **Rummel v. Estelle** in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed. 2d 382 (1980). In **Rummel**, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount

---

[1] In his brief, Appellant makes a conclusory statement that his sentence is grossly disproportionate, stating that other "persons adjudged guilty of the same offense" received "much shorter" sentences. However, he cites to no authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities...").

of $28.36. ***Id.***, 445 U.S. at 265–66, 100 S. Ct. at 1134–35.  After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense Appellant committed— possession of a controlled substance— is no less serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's sentence is less severe than the life sentence upheld by the Supreme Court in ***Rummel***.  Thus, it is reasonable to conclude that if the sentence in ***Rummel*** is not unconstitutionally disproportionate, neither is Appellant's sentence in this case.  Because we do not find that the threshold test is satisfied, we need not apply the remaining elements of the ***Solem*** test.  Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered January 10, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 10, 2024**

**NO. 12-23-00220-CR**

**TERRY LEE DAVIS, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-22-35854)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*